IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**MICHAEL EYES, SR., KATHERINE EYES,**
*and* **MICHAEL EYES, JR.,**
*Individually,*

  Plaintiffs,

          v.                       No. _____

**VLL PROPERTIES,**
*a Tennessee General Partnership*,
**VIRGINIA L. LEWIS,** *Individually,*
*d/b/a H & L, and*
**KENNY R. HARP,** *Individually,*
*d/b/a H & L,*

                                  **JURY DEMANDED**

Defendants.

## COMPLAINT

Plaintiffs, Michael Eyes, Sr., Katherine Eyes and Michael Eyes, Jr. ("Plaintiffs"), individually, file this Complaint against VLL Properties, Virginia L. Lewis and Kenny R. Harp d/b/a H & L ("Defendants") for unpaid overtime and allege as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiffs.

2. Defendants failed to pay Plaintiffs at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

1

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 201, *et seq*., and 28 U.S.C. § 1331.

4. Defendant VLL Properties is a legal entity formed in the State of Tennessee, is subject to service of process in Tennessee, and does business in the State of Tennessee. Therefore, this Court has personal jurisdiction over Defendant VLL Properties.

5. Defendant Lewis is a resident of the State of Tennessee and, consequently, this Court has personal jurisdiction over her.

6. Defendant Harp is a resident if the State of Tennessee and, consequently, this Court has personal jurisdiction over him.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by and performed work for Defendants in this district during all times material to this action. In addition, Defendants have conducted business in this district during all times material to this Complaint.

## III. PARTIES

8. Defendant VLL Properties is a Tennessee general partnership, with its principal offices and headquarters located at 222 E Unaka Avenue, Johnson City, TN 37601-4626.

9. Defendant Virginia L. Lewis is a partner in VLL Properties and also does business as H & L. Defendant Lewis through VLL Properties and H & L owns, manages and operates a residential property rental business. Defendant Lewis exercises operational control over VLL Properties, H & L and their employees. Defendant Lewis determined Plaintiffs rate

and method of pay and made the decision to pay Plaintiffs at their regular rate for overtime. Defendant Lewis is therefore individually liable under the FLSA for the non-payment of overtime complained herein. Defendant Lewis can be served with process at 3119 Bristol Highway, Suite 302, Johnson City, Tennessee 37601 or wherever she may be found.

10. Defendant Kenny R. Harp, upon information and belief, is a partner and owner of VLL Properties and also does business as H & L, an unincorporated entity. Defendant Harp through VLL Properties and H & L owns, manages and operates a residential property rental business. Upon information and belief, Defendant Harp exercises operational control over VLL Properties, H & L and their employees. Defendant Harp is therefore individually liable under the FLSA for the non-payment of overtime complained herein. Defendant Harp can be served with process at 243 DeGrasse Lane, Johnson City, Tennessee 37601.

11. Plaintiffs are employed by Defendants and performed maintenance and service duties for Defendants and were paid on an hourly basis by Defendants within this district during all times material herein.

### IV. FACTUAL ALLEGATIONS

12. Defendants own, manage and operate a residential property rental business with properties predominantly in East Tennessee.

13. Defendants have been the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

14. Plaintiffs are current employees of Defendants.

15. Plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

16. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

17. At all times relevant, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in interstate commerce.

18. Plaintiffs performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times material to this action.

19. Defendants established, implemented, and administered the pay and compensation plans, policies and practices related to Plaintiffs.

20. Defendants implemented a practice if paying Plaintiffs on an hourly basis.

21. Plaintiffs primarily performed maintenance and service duties on Defendants rental properties including performing odd jobs.

22. Plaintiffs were not compensated at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per work week within weekly pay periods – during all times material.

23. Defendants willfully and with reckless disregard to established FLSA overtime requirements, failed to pay Plaintiffs all the overtime compensation owed them at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

24. Defendants knew and were aware at all relevant times they were failing to pay the proper overtime compensation to Plaintiffs, and acted without a good faith basis for such failure.

25. As a result of Defendants' lack of a good faith basis and willful failure to pay Plaintiffs in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as suffered other damages.

26. The net effect of Defendants' common plan, policy and practice of failing to pay Plaintiffs overtime compensation was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched themselves and enjoyed ill gained profits at the expense of Plaintiffs.

## COUNT I –
## RECOVERY OF OVERTIME COMPENSATION

27. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

28. Plaintiffs were denied overtime compensation by Defendants, as previously addressed.

29. Plaintiffs were/are not exempt from overtime compensation, as previously addressed.

30. During their employment with Defendants, Plaintiff worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation for such overtime work time as required by the FLSA, as previously described.

31. Defendants did not have a good faith basis for failing to pay Plaintiffs overtime compensation and Defendants are unable to bear their burden of demonstrating that Plaintiff fall within any of the FLSA overtime exemptions.

32. Defendants' failure to pay Plaintiffs one and one-half times the proper regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times material was willful and with reckless disregard to established FLSA overtime compensation requirements.

33. Defendants do not have a good faith basis for failing to pay Plaintiffs the overtime compensation they have earned.

34. As a result of Defendants' willful and unlawful acts of failing to pay Plaintiffs earned overtime compensation, they have suffered lost wages and other damages.

35. The unpaid overtime claims of Plaintiffs are unified through a common theory of Defendants' FLSA violations.

36. As a result of Defendants' willful violation of the FLSA and a lack of a good faith basis for its violations, Plaintiffs are entitled to unpaid overtime compensation, liquidated damages, attorney fees and other costs and expenses related to this action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually, demand judgment against Defendants and request this Court grant the following relief:

A. An award of compensation for unpaid overtime to Plaintiffs;

B. An award of liquidated damages to Plaintiffs;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiffs;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

F. A Declaration that Defendant willfully violated the FLSA; and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: December 8, 2023.    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS***